Francisco Falcón, etc., Plaintiff and Appellee *v.* Francisco Cruz, etc., Defendant and Appellant.

No. 9457.—Argued June 3, 1947.—Decided June 27, 1947.

*Manuel Torres Reyes* for appellant. *Luis A. Archilla Laugier* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

The lower court rendered judgment in open court after the evidence in this case for maintenance and support was introduced, and, without complying with § 227 of the Code of Civil Procedure [1], merely stated the following:

"Evidence has been introduced by both parties and as a result thereof the court sustains the complaint. This judge has not the slightest doubt that the boy Francisco Falcón *is the son* of defendant *to judge* from the features of his face, the arched eyebrows of both, his nose, forehead and face, from all of which it is clearly seen that this boy *is the living picture* of Francisco Cruz. I do not know what the Supreme Court might say, whether I am right or wrong, if an appeal is taken from this case, but I could not have a clear conscience if I do not grant the complaint. I would not be true to myself nor to my conscience if I should say the contrary, but if this case should ever reach the Supreme Court, I would like the justices of the Court *to look at the face of the boy and at the face of defendant, Francisco Cruz,* and I am sure that they *would reach the same conclusion.* I think *it has been established that the father has considered this boy his son* and that every father has the legal and moral obligation in this country to support those children whom they have brought to life *no matter how they did it.*

"The court grants the complaint for support and orders the defendant to deposit every Monday of every month, of every year,

---

[1] Rule 52(*a*) of Civil Procedure is not applicable because this is a case of support which is prosecuted as the proceeding of unlawful detainer. See Rule 81(*a*).

until otherwise decided by the court, the amount of ten dollars weekly for the support of this child since the mother is suffering from tuberculosis and can not support him. It is the father's duty to keep this boy from being contaminated from that illness. Furthermore, defendant is adjudged to deposit as fees for plaintiff's attorney the amount of fifty dollars and the judgment shall become effective on next Monday, June 10, 1946.'' (Italics ours.)

The defendant appealed and alleges that the judgment is not supported by the evidence and that it is the result of erroneous findings; that the complaint does not set up facts sufficient to constitute a cause of action; that the lower court erred in finding that plaintiff was the natural son of the defendant and in fixing a weekly allowance of $10 for his support for it had no ground or evidence to justify it.

Notwithstanding the confused manner in which the lower court stated its findings in the judgment, there is no doubt that it found that plaintiff is defendant's son, first, because of the likeness between both, and second, because the defendant ''has considered this boy his son.''

■ As to the first ground, we are not in a condition to decide whether or not there is such a likeness. Assuming there is, however, this fact by itself, would not be sufficient for a court to decide that a boy is the son of a certain person ''to judge from the features of his face.'' The likeness at most would be an element to consider in the evidence as a whole.

■■ As to the second ground set forth by the lower court, that is, that the defendant has considered plaintiff as his son, appellant urges that the court found that plaintiff is the natural son of the defendant when the evidence showed that the latter was a married man since 1928 and that plaintiff was born on April 13, 1935 and, therefore, could not have the condition of natural son pursuant to § 125 of the Civil Code (1930 ed.). This is true, nevertheless, accepting that what the lower court meant to say was that

the evidence showed that plaintiff is the illegitimate son[2] of the defendant, there is no doubt whatsoever that once the paternity is proved, defendant is bound to support plaintiff, in accordance with §§ 128 and 129 in connection with § 143 of the same code. *Rivera* v. *Cardona*, 56 P.R.R. 786; *Miranda* v. *Cacho*, 66 P.R.R. 521.

The evidence presented in the lower court was contradictory. That for the plaintiff tended to show that Mercedes Falcón, plaintiff's mother, had sexual relations with the defendant during several years and from these relations plaintiff was born in 1935; that the defendant gave money to plaintiff's mother for the support of the child and subsequently that plaintiff himself went to the defendant every week for his allowance until one year preceding the filing of the complaint in 1946 when the defendant stopped rendering support; that likewise when plaintiff was born defendant supplied him with the milk from one of his cows during forty days.

Defendant's evidence did not deny that defendant had had sexual intercourse with plaintiff's mother—defendant himself admitted it—but it tended to show that at that time Mercedes Falcón had a love affair with another man. He denied having supported plaintiff in any manner whatsoever.

The trial court, which was in a better position to weigh the evidence, believed that for the plaintiff and disregarded defendant's. With our explanation that we construe the conclusion reached by the lower court in the sense that plaintiff is defendant's illegitimate son and not a natural son, we should not disturb this conclusion in the absence of any showing that the court acted with passion, prejudice or partiality.

As to the amount of the allowance fixed, ten dollars weekly, although plaintiff's evidence was of a general charac-

---

[2] Pursuant to the provisions of Act No. 229 of May 12, 1942, as, amended by Act No. 243 of May 12, 1945, the condition of illegitimate children of all those born outside of marriage subsequent to the enforcement of said act has disappeared and they shall be considered natural children.

ter to the effect that defendant is the owner of lands and properties, this evidence was not denied or contradicted by the defendant in any manner whatsoever and since the allowance for support may be changed at any time by the court if it is shown that defendant is not in a condition to continue paying the amount fixed [3], we believe that the last error assigned, even if committed, does not justify the reversal of the judgment, which is accordingly affirmed.

---

[3] Section 146 of the Civil Code provides that:

"The amount provided for support shall be proportioned to the resources of the person giving such support and to the necessities of the party receiving it, and shall be reduced or increased in proportion to the resources of the former and the necessities of the latter."